S.I.R.P.R.

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

Southern Division

FILED - GR
August 17, 2026 12:40 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: AR / 8.17

1:26-cv-2346
Robert J. Jonker
U.S. District Judge

Willie J. Bailey
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

The Pep Boys Manny Moe & Jack, LLC
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. ______ *(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Willie J. Bailey |
| Street Address | 1839 Nelson Ave SE |
| City and County | Grand Rapids, Kent |
| State and Zip Code | Michigan, 49507 |
| Telephone Number | 616-813-6865 |
| E-mail Address | mr_bailey_30@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | The Pep Boys - Manny, Moe & Jack LLC |
| Job or Title *(if known)* | Employer |
| Street Address | 1 Presidential Blvd. |
| City and County | Bala Cynwyd, Montgomery |
| State and Zip Code | PA, 19004 |
| Telephone Number | 1-800-737-2697 |
| E-mail Address *(if known)* | contactus@pepboys.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

Southern Division

Willie J. Bailey
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Pep Boys Corporate Headquarters
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. ______________
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Willie J. Bailey |
| Street Address | 1839 Nelson Ave SE |
| City and County | Grand Rapids, Kent |
| State and Zip Code | MI 49507 |
| Telephone Number | 616-813-6865 |
| E-mail Address | mr_bailey_30@yahoo.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

- [X] Federal question
- [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C § 2000e - 2 (Title VII) AND 42 U.S.C § 12112 (ADA) Employment discrimination and failure to provide reasonable accomodations based on protected traits and disability.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* __________, is a citizen of the State of *(name)* __________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* __________, is incorporated under the laws of the State of *(name)* __________, and has its principal place of business in the State of *(name)* __________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* __________, is a citizen of the State of *(name)* __________. Or is a citizen of *(foreign nation)* __________.

b. If the defendant is a corporation

The defendant, *(name)* ________________, is incorporated under the laws of the State of *(name)* ________________, and has its principal place of business in the State of *(name)* ________________.
Or is incorporated under the laws of *(foreign nation)* ________________, and has its principal place of business in *(name)* ________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/17/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Willie J. Bailey

### B. For Attorneys

Date of signing: ________

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MR. BAILEY,
Plaintiff,
v.
PEP BOYS,
(and/or MANNY MOE & JACK OF DELAWARE, INC.)
Defendant.

Case No. ____________________
HON. ________________________

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Mr. Bailey, proceeding pro se, and files this Complaint against Defendant, Pep Boys (and/or its corporate parent/affiliates, hereinafter "Defendant"), respectfully showing this Court as follows:

I. INTRODUCTION

1. This is an action for damages, back pay, and equitable relief brought to remedy unlawful employment discrimination, failure to provide reasonable accommodations, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. ("Title VII") and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").
2. Plaintiff, an African American manager with over 20 years of management tenure, was subjected to a hostile work environment, race discrimination, and a sudden psychological crisis caused by threats and severe harassment in the workplace.
3. When Plaintiff experienced an acute mental health crisis and requested corporate intervention, medical time off, and a dialogue regarding safe return-to-work expectations, Defendant refused to engage in the mandatory interactive process, denied unpaid leave accommodations, and summarily terminated his employment under the pretext of "job abandonment."

II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. Section 1331, as this action arises under the laws of the United States, specifically Title VII (42 U.S.C. Section 2000e-5(f)) and the ADA (42 U.S.C. Section 12117).
5. Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. Section 1391(b) because the unlawful employment practices complained of herein occurred within this judicial district, and Defendant conducts extensive business operations within this district.

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed an initial administrative Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") detailing the discriminatory acts, harassment, and termination occurring between November 30, 2023, and December 8, 2023.

7. Although Plaintiff initially checked the box for "Race," the narrative particulars of the timely charge explicitly detailed severe harassment, workplace threats, acute fear, and subsequent requests for leave and work-related modifications arising out of the exact same chain of events.
8. The EEOC subsequently reopened and amended the charge ("Amended Charge of Discrimination") to explicitly add claims of Disability Discrimination, Failure to Provide Reasonable Accommodation, and Retaliation under the ADA.
9. Pursuant to 29 C.F.R. Section 1601.12(b), Plaintiff's ADA claims legally "relate back" to the original timely filing date because the disability claims clarify, amplify, and grow directly out of the exact same operational narrative, supervisors, and timeline.
10. The EEOC issued Plaintiff a Notice of Right to Sue. This Complaint is filed within ninety (90) days of Plaintiff's receipt of that Notice, satisfying all administrative prerequisites.

IV. PARTIES

11. Plaintiff, Mr. Bailey, is an African American individual and a resident of the State of Michigan. At all times relevant, Plaintiff was an employee of Defendant within the meaning of Title VII and the ADA.
12. Defendant, Pep Boys, is a foreign corporation doing continuous business in the State of Michigan, and is an employer within the meaning of Title VII, 42 U.S.C. Section 2000e(b), and the ADA, 42 U.S.C. Section 12111(5), employing more than 15 employees.

V. STATEMENT OF FACTS

A. Plaintiff's Protected Background and Performance

13. Plaintiff has a highly decorated career in corporate management spanning over 20 years.
14. At all times relevant, Plaintiff performed his duties as a Store Manager for Defendant satisfactorily and adhered to professional corporate expectations.
15. Plaintiff is an African American male, establishing his protected class under Title VII.
16. Plaintiff suffers from an acute psychological disorder/mental impairment, which was triggered and severely exacerbated by workplace events in late 2023. This mental health condition substantially limits major life activities, including thinking, concentrating, sleeping, and working. Plaintiff has a record of such impairment and/or was regarded by Defendant as having such an impairment under the ADAAA.

B. The Hostile Environment and Notice of Acute Psychological Distress

17. In late November 2023, Plaintiff was subjected to severe alienation, insubordination, and targeted threats of physical harm from subordinates and localized leadership, which went unaddressed by higher corporate authorities despite initial alerts.
18. On November 30, 2023, at approximately 6:25 AM, Plaintiff sent an urgent emergency email to Human Resources and corporate leadership,

putting Defendant on clear notice of his psychological state, stating:

"In over 20+ yrs. in my management tenure, I have never been so alienated, unsupported, harassed, threatened and afraid before... I am afraid to the point of fear until someone addresses my concerns. again, PLEASE HELP!!!!"

19. This emergency communication provided explicit notice to Defendant that Plaintiff was suffering from severe, acute psychological distress, terror, and anxiety, rendering him temporarily incapacitated and physically unable to safely step into the hostile store environment without immediate corporate intervention.

C. Requests for Accommodation and Defendant's Total Failure to Engage

20. Due to his acute mental health crisis and panic, Plaintiff requested to utilize Paid Time Off (PTO) for December 4 and December 5, 2023, as a temporary buffer to ensure his safety while awaiting a formal corporate investigation into the threats against him.
21. Defendant denied the PTO requests under the rigid technical pretext that Plaintiff had a negative PTO balance.
22. Under federal law, when an employee lacks accrued paid leave but is experiencing a documented medical/psychological crisis, an employer is legally required to evaluate unpaid medical leave or administrative leave as a reasonable accommodation. Defendant entirely failed to evaluate or offer this option.
23. On December 7, 2023, Vice President of Talent Management Juliann Brown issued a directive ordering Plaintiff to immediately return to work.
24. Recognizing his ongoing psychological limitations and fear, Plaintiff immediately responded via email on December 7, 2023, pleading for a dialogue, stating:

"Can you call me for the explanation on return-to-work expectations during this investigation? I am not sure if you understand my concerns thoroughly."

25. Plaintiff's email constituted a clear, unambiguous request for an interactive dialogue and accommodation regarding return-to-work parameters, alternative scheduling, or a transfer to a safe facility.

D. Pretextual and Discriminatory Termination

26. Defendant did not call Plaintiff to discuss return-to-work expectations, did not initiate the required interactive process, and completely ignored the request for dialogue.
27. Instead, on December 8, 2023, the exact same supervisor summarily terminated Plaintiff's employment.
28. Defendant falsely and pretextually classified Plaintiff's absence and request for a phone dialogue as "job abandonment."
29. Defendant's own corporate policy explicitly states: "Pep Boys does have procedures to temporarily separate employees through store reassignments or administrative leave during investigation when warranted."
30. Defendant possessed the ready operational tools to accommodate Plaintiff via administrative leave or store reassignment but actively refused to offer or deploy them because of Plaintiff's race and his acute mental health crisis.
31. Similarly situated non-African American employees and/or employees without perceived mental health impairments were routinely granted

administrative interventions, leaves of absence, or transfers under investigation rather than being summarily terminated for job abandonment.

## VI. CAUSES OF ACTION

### COUNT I
Racial Discrimination and Hostile Work Environment
(Violation of Title VII of the Civil Rights Act of 1964)

32. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.
33. Plaintiff is a member of a protected class based on his race (African American).
34. Plaintiff was subjected to severe and pervasive harassment, alienation, and threats that created an objectively hostile work environment, which Defendant failed to remediate.
35. Defendant terminated Plaintiff's employment on December 8, 2023, because of his race, treating his situation with extreme disciplinary harshness compared to non-African American management professionals.

### COUNT II
Disability Discrimination - Disparate Treatment
(Violation of Title I of the Americans with Disabilities Act)

36. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.
37. Plaintiff is a qualified individual with a disability within the meaning of the ADA, as he suffered a severe mental health crisis/impairment that substantially limited his ability to work, think, and concentrate, and had a record of such impairment and/or was explicitly regarded as disabled by Defendant.
38. Defendant had actual and constructive notice of Plaintiff's acute psychological distress through the emergency emails sent on November 30 and December 7, 2023.
39. Defendant discriminated against Plaintiff on the basis of his disability and perceived impairment by terminating his employment on December 8, 2023, and falsely categorizing his acute medical crisis as "job abandonment."

### COUNT III
Failure to Provide Reasonable Accommodation
(Violation of Title I of the Americans with Disabilities Act)

40. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.
41. Plaintiff was a qualified individual with a disability who, with a brief period of unpaid medical leave, administrative leave, or store reassignment, could perform the essential functions of his position.
42. Plaintiff's communications on November 30 and December 7, 2023, constituted clear, explicit requests for workplace modifications, a safe environment, and an interactive dialogue.
43. Once Defendant was aware of Plaintiff's psychological crisis and incapacitation, the legal burden shifted to Defendant to initiate the mandatory interactive process.
44. Defendant failed and refused to engage in the interactive process, failed to offer existing administrative leave or store transfer

options, and penalized Plaintiff for a negative PTO balance instead of providing necessary unpaid leave accommodations.

COUNT IV
Retaliation
(Violation of Title VII and the Americans with Disabilities Act)

45. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.
46. Plaintiff engaged in protected activity by reporting severe workplace harassment, discrimination, and a hostile work environment, and by requests for accommodations and dialogue on November 30, 2023, and December 7, 2023.
47. On December 8, 2023, one day after Plaintiff explicitly opposed Defendant's return-to-work directives without an investigation and requested a phone consultation, Defendant terminated him.
48. A direct causal connection exists between Plaintiff's protected activity (opposing discrimination and requesting medical accommodation dialogue) and his immediate termination.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, granting the following relief:

A. A declaratory judgment that Defendant's acts and practices complained of herein violate Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act;
B. An award of back pay, front pay, and lost benefits resulting from Defendant's unlawful termination, in an amount to be proven at trial;
C. An award of compensatory damages for emotional distress, pain, suffering, humiliation, and psychological trauma caused by Defendant's unlawful conduct;
D. An award of punitive damages against Defendant for its malicious, willful, and reckless indifference to Plaintiff's federally protected civil and disability rights;
E. An award of pre-judgment and post-judgment interest; and
F. Any such other, further legal or equitable relief as this Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and counts so triable in this action.

Dated: August 17, 2026

Respectfully submitted,

Mr. Willie J. Bailey, Plaintiff Pro Se
1839 Nelson Ave. SE
Grand Rapids MI, 49507
616-813-6865
mr_bailey_30@yahoo.com